Case number 19-5073, Climmons Jones Jr v. Federal Express Corporation Argument not to exceed 15 minutes per side Mr. Kovnat, you may proceed Good morning, Your Honor Good morning May it please the Court My name is Philip Kovnat, I'm counsel for the EEOC as a Lucas in support of Mr. Jones, who is here at the counsel table with me I have designated 8 minutes of time at the beginning and with Mr. Jones' permission, I have reserved 2 minutes for rebuttal and Mr. Jones will be speaking for 5 minutes with the Court's permission The District Court here dismissed Mr. Jones' Title VII race discrimination claim based on its incorrect understanding that he was required to file his EEOC charge within 180 days after the alleged discriminatory act and the District Court's ruling is incorrect because Tennessee is a state with its own Fair Employment Practices Agency also known as a FEPA, that has a work sharing agreement with the EEOC and so Tennessee is what is commonly referred to as a deferral state and it's well established in this Court as well as virtually every other Court of Appeals that individuals in deferral states have up to 300 days in which to file an EEOC Can I understand that a little bit just from a foundational point? Certainly sir So there's this seemingly pretty hard and fast rule of the 180 day limit on files to the EEOC Why is it that extended? What from the text tells me that that 180 days doesn't also apply to a filing in a state that has a term used Deferral state Deferral state, correct In other words, I understand if you file on the 1709th day in the state, in a deferral state that that will extend 300 days But why is it that if you file on your 81st day it also extends? Well, so let me just explain the statutory framework and there are two key provisions of Title VII that principally govern here There's Section 706E of Title VII and Section 706C of Title VII And Section 706E, as Your Honor observed, starts with the general rule that a charge must be filed with the Commission within 180 days except that in a case where the charge has initially been instituted with a FEPA a state or local Fair Employment Practices Agency in which case the filing period is extended to 300 days Yes, so that doesn't, I mean it's, you're saying it says that I don't necessarily read it that way It doesn't, intuitively it doesn't make sense to me and it doesn't have to But why is it that just because you happen to be in a state that has a deferral agreement or has a relationship or has laws that are similarly enforced that you get this extra 120 days? What is the reason for the plaintiff? Correct, the statutory framework is established so that courts have I'm sorry, state and local FEPAs have the first opportunity in which to process charges and that is a voluntary choice that states and state and local FEPAs can waive with the EEOC pursuant to these word-sharing agreements I understand all that, I'm just saying why is it that if you, why does the 180-minute time give you additional time to first file? I want to follow up on this I'm not sure you answered this question Can you go back to the framework? What's the part of the text that says you get this extension when you haven't done anything for 180 days? The only thing that's been done is EEOC and the Tenancy Commission have done something Right, so claimant does zero I don't think the language does anything for you And I think, am I right? If I might just say yes, the language doesn't do anything but we apply it for other things Right, that's right I thought the language does something for you The language is ambiguous on this point and the Supreme Court in Love v. Pullman and Bohosko v. Silver and EEOC v. Commercial Office Products interpreted this framework such that if a state and local feedback is that The Supreme Court does not adjust this when you did nothing pre-180 days, right? Well, the Supreme Court said in EEOC v. Commercial Office Products and in Bohosko that if a charge is filed if it complies with the statutory framework of Title VII it's irrelevant whether the charge is actually filed with the state within 180 days so long as proceedings are initially instituted with the state pursuant to Section 706C and within 180 days How about that? No, what the text says is that when a charge is initially instituted with a state or local feedback that the timing period is extended to 300 days so that a charge may be filed with either the state or the EEOC which then dual-files the charge on the complainant's behalf and that is well established in Love v. Pullman as well as Bohosko Court and then that triggers For me, the operative words aren't instituted but wouldn't you agree that that's what the operative words are for whether or not something's been filed with the same agency? Yes, those are the operative words that trigger the 300-day filing period So how can you say something that a complainant instituted with the state agency when in fact nothing's ever filed with the state agency? Well, Your Honor, something was filed with the state agency by the EEOC which was filing it on behalf of Mr. Jones pursuant to the word-sharing agreement And this was done after 180 days? That's correct, but as I just said the charge, as long as proceedings are initially instituted with the state the timing period is 300 days The 180-day rule applies only if there is no state or local FEPA in which the institute proceeds Why would that be? You know, 180 days is for a reason, right? The federal government encourages people to come forward right away and file within six months And so why is it that you somehow get a much longer period? I understand that if you invoke that with the state I think they say, great, if you invoke your rights with some agency you recognize some of the state government and the federal government and we're going to extend that, there's a 60-day period or we can't do anything, we're going to extend it to 300 But what's the rationale behind just waiting 180 days, you've got to be fortuitously living in a state that would qualify to allow you up to 300? I don't think that there's necessarily a rationale for that specific rule I think that that's a consequence of the way that the Supreme Court has interpreted the statute which is that the states have an opportunity under the statute, which is voluntary to have the 60-day processing right and so that extends the time period to 300 days Now, in EEOC versus commercial office products the Supreme Court said that the state could waive that pursuant to a work sharing agreement but that doesn't nullify the fact that the proceedings have been instituted with the state which then triggers the 300-day filing period So the rationale comes to mind I read all the products too and I think the court kind of assumed that you were reading to be true but I don't think it's actually addressed it and I think it's intuitively doesn't really make sense to me It seems like a very firm memo on 180 days Congress had that in mind and we can move on to something else I think the only way to interpret the statute differently from what EEOC versus commercial office products would make it mandatory for the states if a state or local FEMA exists they would be required to process a charge against their will even when they waived their 60-day exclusive processing rights and so what the court said is that the states have this opportunity but they don't need to exercise that opportunity and so Does the work sharing agreement sell the statute? It does. It sells out that you get 300 days It spells out that when the EEOC receives a charge it will cross-file It spells out that it will cross-file with the state FEMA which will then trigger the 300-day filing period It spells out that you can do something after 180 and get the benefit of 300? I don't think it gives you that exact... Why not do that? Why not spell that out so it's clear that's what we're doing? Well the regulation, 29 CFR section 1601.13 spells that out and says that a charge will be time waived within 300 days if the EEOC receives it and cross-files it with the state FEMA and then it also contemplates that when the state FEMA has waived its 60-day processing rights that the EEOC will immediately begin processing the charge and the charge will be deemed filed on that day So it's like not pro-time? Is that what you were going to have? If you go this one route, you can retroactively say it was waived, that is, it was done before 1980? Again, as long as the proceedings are instituted with the state you don't need the 180-day rule You do need to do it within 300 days So the general rule of 180 days applies only if there is no state or local FEMA and so the regulations in this framework which has existed really since 1988 when EEOC versus commercial office products came down is that if an individual is in a deferral state they have 300 days Now this board has reaffirmed that general rule multiple times and every other circuit other than the D.C. Circuit has held that these order-sharing agreements in conjunction with the statutory framework in conjunction with the Supreme Court decisions establish this general takeaway rule which is individuals in a deferral state have up to 300 days in which to file a charge And so it would be somewhat anomalous for this court to rule otherwise I see my time is up Are there other non-deferral states? Are there other non-deferral states? Are there other non-deferral states?  There are jurisdictions that don't have state or local In Kentucky, in fact, Louisville and Lexington have local FEBAs but the state itself doesn't have a state FEBA and then So generally there's a difference between someone living in Ohio and someone living in Kentucky that aren't able to include someone in Kentucky but doesn't include someone in Ohio How about anomalous? That seems to be pretty high on the list I understand and that's the congressional framework that was laid out in Section 706E and C and with the Supreme Court decisions that is the consequence of the framework that we have now I recognize that there are unusual results that can occur but it would be strange in this case I mean, just from a predictability standpoint and a reliance standpoint the commission operates with the understanding based on these long-standing rules that individuals in deferral states have up to 300 days and so it would be problematic for the commission if that rule were to change I mean, we would of course address it but it would really be... I have one more question for you What seems to be happening is that the statute could be read to say that the claimant has to actually file with the state but there is a regulation of the EEOC saying that as long as you file with the EEOC if you have a work-sharing agreement it's legal to file with the state Is that the position? So in order for us to get to the regulation if the regulation is arguably a different reading that you could take of the statute are you saying the statute is ambiguous in any way? So you have Chevron deference?  to trump another arguable reading of the statute? We didn't expressly request Chevron deference in our brief The Supreme Court in Mojasco and Lovers of Pullman expressly said that there's no reason under the statute that the EEOC cannot file a charge with the state on the complainant's behalf and so that ruling has sort of been the foundation for the regulation and the process that the EEOC has followed since the 1970s So I understand Your Honor's point that the statute could be read a different way but I think the Supreme Court resolved that question and I believe those decisions Mojasco, Lovers of Pullman and EEOC v. Commercial Office Products to an extent were rooted in deference I think we've got it I'm sorry Your Honor Thank you very much I didn't understand the case at your turn That's correct If it may please the Court, Your Honor My name is Clemens Jones and I'm here to represent myself Good morning After August 16, 2017 and after my termination it was my decision to consult with the EEOC All of my information and all of my consultation came from the EEOC based on the laws of Tennessee They advised me of the type of complaint if it was a Title VII complaint under the protected class, which was race that I would be granted 300 days Also advised me of the association with the Tennessee Human Rights Commission They also advised me of the Memphis District website to read to further educate myself on the employment laws which I had no knowledge of but somewhat, a little bit knowledge of You're doing pretty well Also, they also consulted me about the internal investigation that was also granted by FedEx After 19 and a half years I didn't have to terminate I was terminated, which I felt race was the cause So they advised me that I participated which I was going to and I'm a FedEx person so it's been a great company but because of what the respondents did I thought that the entire corporation should know So I completed the entire investigation the GFT process, which takes months to respond back from each manager as it goes up I also involved myself in the internal investigation to give them a chance to readdress the issue of what I had seen and what I had witnessed based on how I felt I contacted the EEOC about a week after my termination I was terminated on August the 16th, 2017 so I contacted to make sure that I would have enough time to find out the statute to find out the correct procedure that I should take and they guided me to the guidelines they consulted with me they told me that they had to make sure that they were a federal state and that under my complaint based on the protected class and the Title VII complaint that I would have in 300 days they also told me that it would benefit me if I would participate in the internal investigation to see what the outcome I did that also, that took months that prolonged, I think the immediate response because I wanted to readdress and give them the opportunity to see my case and to hear what I had to say being that in the adverse situation that I got caught up in I felt that I was wrongly terminated So is it fair to say when you entered into this internal investigation that you understood that there would be up to 300 days for Yes, I understood So you wanted to give the company enough time Exactly I wanted to I wanted to handle it internally before I engaged but after the internal investigation I received no response it would have to be without a decision to make they didn't give me a response to the EEOC investigation so I felt that it was biased that I was alone so after that point I completed the investigation got all of my reports together and I went to EEOC to proceed in my investigation after I proceeded in my investigation we moved forward with everything that we did I proceeded to investigate Federal Express and I received a notice of right to sue on the notice of right to sue on all of the indications for the reason for issuing it one of them states the fact that the facts alleged that the charge failed to state a claim was not marked the allegation to involve a disability was not marked your respondents employed less than required was not marked your charge was timely file of the EEOC was not marked Mr. Judge remind me in front of Judge McAuliffe so you were on your own in front of Judge McAuliffe is that correct? yes and the EEOC didn't participate in front of Judge McAuliffe right? right so did any of this come up in front of Judge McAuliffe or was it just it's named one and they ruled that's that is that how they all proceeded with Judge McAuliffe? well we addressed the issue in our amendments in approaching the district court even after they made a motion to dismiss our case we reiterated some of the statutes that the EEOC and the Tennessee Human Rights Commission had given me had quoted to me so what we did was we wanted to implement the people who were responding first so we raised the issue of 300 days over and over again that was granted to me by the EEOC according to the state of Tennessee thank you very much we appreciate you being here good morning your honors I am Terrence Reed I represent Federal Express Corporation in this appeal your honors the 6th circuit should affirm Judge McAuliffe's opinion for these three reasons first Mr. Jones title 7 claim was untimely because he did not quote initially institute and quote proceedings with the Tennessee Human Rights Commission on this point would we be creating a pre-lapse circuit split no not at all because I do want to point out on page 9 of the EEOC brief they cite these cases from other circuits and say that they have all held that a claimant does not need to file with the state agency in deferral states but that is not what these cases hold at all in each of those cases either a claim of dual filing with the EEOC and the state agency or at a minimum in two of those cases there was evidence before the district court that the Tennessee I mean that the state agency received a copy a notice of the charge before 180 days no not necessarily before 180 days but the distinction with this case and all the cases that the EEOC relies on is that the state agency did have notice or it was dual filed with the state agency. In this particular case there was absolutely nothing in the record before the district court that this charge was dual filed or that the Tennessee Human Rights Commission even knew about this case that they had notice about the Tennessee Human Rights Commission gets the opportunity to decide whether it wants to process this charge or not Judge Riedler's point is very well taken. There is nothing in the language of Title 7 or its legislative history which suggests that the mere fact that a worker in a deferral state automatically gets 300 days. The whole point of the extended 300 day period is to allow the state agency to get the first crack at redressing the evils that Title 7 was enacted to accomplish. It is a fiction. What the work sharing agreement does is it provides an avenue or a vehicle in order to waive the deferral period and transfer it but it does not in and of itself automatically act as notice to the state agency or automatically act as a waiver of the 60 day deferral period. In the Greek case of the ninth circuit they held that there was a filing in the state agency and the ninth circuit held it was deemed to be notice to the EEOC. Is that correct in that case by virtue of the work sharing agreement? Right, but the key is in Green there was a dual filing. Was it or was it a single filing with the state agency? No, the plaintiff in Green filed his charge with the state agency and the state agency transmitted the charge to the EEOC with a transmittal form indicating pursuant to the work sharing agreement this charge is to be initially processed by the EEOC. That work sharing agreement says it's just deemed to be received by the state agency whenever the federal agency receives it. They don't have to actually transmit it. It's just deemed by virtue of the work sharing agreement to be received by the state agency at the same time it's received by the federal agency. Your Honor, the work sharing agreement only provides a vehicle in order to do that, but it doesn't magically as a fiction automatically mean that the state agency gets a charge or even knows about the charge and that's the problem in this particular case. There was no evidence that the Tennessee Human Rights Commission knew about this. In fact, on the charge, which I have and would like to... What part of the statute makes it relevant that the state agency actually know about it? There are two sections in Title VII that are crucial. The first one is Title VII requires a claim to file a charge of discrimination with the EEOC within 180 days of the alleged discriminatory act unless the quote, person agreed has initially instituted proceedings with a state or local agency with authority to grant or seek relief from such practice. The other... What's wrong with federal and state agencies saying filing one is equal to filing both? I don't understand why that's a problem. Okay, and I will read... I don't understand why that disrespects the statute. Okay, and I will read the second part that is crucial that addresses your issue. And it's Section 706D of Title VII which reads, the commission shall before taking any action with respect to such charge notify the appropriate state or local officials and, upon request, afford them a reasonable time to act under such state or local law to remedy the practice alleged. The reason that Title VII... Can I just stop you there? I don't know why you can't have a board sharing agreement where the state and federal agencies just decide to process these claims one way or another. I mean, that's giving the state authority, but it doesn't have to exercise it. If the board sharing agreement allows one agency to process some claims and the other agency to process some, who cares? Okay, two reasons. One, the state agency has to actually have notice in order to make the decision because this is not a blanket waiver. In the work sharing agreement itself, the Tennessee Human Rights Commission can... There's a catch-all provision, and so the Tennessee Human Rights Commission can decide irrespective of how the EEOC and the Tennessee Human Rights Commission have divided it. It says that the Tennessee Human Rights Commission, they can decide you know what, I want to take this claim, but in order to exercise that, they have to have notice of it. Okay? Do you think the Tennessee agency is upset with the federal EEOC's position in this case? I don't know. There's nothing... I'm very doubtful. I'm doubtful that they would insist on 180 days of factual limitations. That would really shock me. You can ask them for an EEOC brief, but I won't be a happy camper if it leads to what I think will happen. Because I don't think they're being injured. It's very strange to think of them as a victim. Well, I'm not trying to portray them as a victim. I'm saying under the work-sharing agreement itself, okay, there are provisions in there where the Tennessee Human Rights Commission can decide that they want to take the case, but they have to be given the opportunity to do that, i.e. they have to have notice. And in addition... They do have notice. The EEOC is basically acting as their agent for this purpose. But they don't have actual notice. There is this fiction that they have notice because their agent received the charge, but they don't have actual notice in order to exercise their rights. This court, though, the Sixth Circuit, in an opinion that Judge Bush drafted when he was explaining this whole process emphasized that in order to benefit from the 300 days, the state agency has to have actual, that's the word used, actual notice. This court has ruled on this several times. In Berger, in Johnson, and in Logan, which is the case that I was talking about that Judge Bush drafted. And in all of those cases, the facts are the same. And this court affirmed the dismissal of those cases. And the facts were that the claimant was alleging, look, I don't have to file anything with the state agency. I don't have to notify them at all to avail myself of the 300-day extended period. No, one of those cases came out of Tennessee. But they're all Sixth Circuit cases that were decided. But the point is the court's sharing agreement is critical, so if the case came out of Tennessee, what does that say? Yes, the case that comes out of Tennessee absolutely helps us, because it addressed the work-sharing agreement, discussed the work-sharing agreement, and said, but there needs to be something to qualify the person for that. Is that a case where you defend something with the federal EEOC, and would you claim and argue, having done that, having been a dean, would you file with the state on the work-sharing agreement and get 300 days out of 180, and the court said no, 180. That's exactly what it said. That's Johnson versus East Tennessee State University. That's exactly what the court said. They said Johnson cannot claim the benefit of the extended 300-day limitation period, because there was nothing in the record that the Tennessee Human Rights Commission had any notice of the charge, that it was dual-filed with it. The claimant is the master of his charge. In this case, Mr. Jones did not indicate on the charge form that he wanted this dual-filed, but there are reasons that claimants may not want this, may not want their charge dual-filed. So, just kind of optically, just to hear where he's not coming from, this case kind of illustrates something Mr. Jones is supposed to say, this is labyrinthine at best, all right? This is what? It's very complicated. The system of what this actualization says, dual-filed and not dual-filed, it's pretty uncomplicated. I'd say it's pretty complicated for a lawyer, much less someone who's not trained in law. Why can't you just say what's wrong with a clear rule that says when you have this kind of sharing agreement, everything is deemed file-fail-safe and it's just a matter of days? I'd like clarity on that rule, and it bothers me that I have to start looking, wait, does the agency, the state agency actually have actual notice before I know whether it's 180, 300? That seems really unfair and kind of a tough system to run. Okay, well, the plaintiff was Prose and Johnson, and this court said no, you only have 180 days. And then also, it goes against the statutory language of Title VII, the legislative history and the rationale. I want to go back to Judge Riegler's point. There is no reason why a claimant in a deferral state gets more time. The purpose was so that the state agency could have the first crack at addressing this. But if the state agency doesn't even know that a charge was filed, then there is absolutely no point of giving a worker in a deferral state this extra time. There's all these products at least not expressly and essentially foreclosed. Isn't it sort of assumed that you can file a 180-day limitation, a fill-in limitation when that file is a debt? I don't know where it is in the U.S. It would be a fee of C.E.O.C. In other words, don't they sort of assume that you get this extra 120 days? I don't know what they expressly say. So that's no. Now, no. It doesn't. The reason that that is not... Because in commercial office product, the difference between that case and this case is that the charge was dual-filed. All commercial office products said is that the Title VII claim remains. But it wasn't dual-filing. And so the state agency in commercial office products had the opportunity to decide whether, you know, we want to investigate this claim. They had that opportunity. Just to make sure I understand exactly what dual-filing is. Dual-filing sets up the actual notice, which is really I get that point. I understand what you're saying. Is it really just a function of when you check another box? Is that what makes it dual-filing? No. In order for the claimant to indicate to whichever agency receives it that he wants it dual-filed, there is a box to check. That's my point. If you don't check, if you check the other box, we now have our actual notice. We have the dual-file. As opposed to, we're checking if this is anything filed with the federal agencies constructed to be filed with the state agencies. Or, like in some of these cases, you can actually dual-file it. I'm trying to equate the mystery. What kind of difference that is from the perspective of the state? Does that make a difference? They either are doing it en masse. Every time it goes to the federal, we're constructing a notice, and we just have to communicate with them to make sure they tell us. The other option is you check the box, because normally it goes directly to them and the federal agency. Those are the two maps, right? One is the actual notice that makes you comfortable, and one doesn't. Right, right. It's an avenue. If the claimant checks the box, then the EEOC is supposed to transfer to the state agency. Or, the claimant could send it to the EEOC and the state agency. That has happened in these cases. But, if the claimant does not indicate he wants it dual-filed, then it's not dual-filed. The agency who's not the receiving agency doesn't know anything about the claim. In this instance, the state agency can't decide that I want the opportunity to have a first crack at this. No. Because of what I was talking about earlier, there is no blanket waiver at all. Does the state have the power to do that? I think the state may have the power to do that. The reason that I'm hesitant is because, again, the claimant is the master of his charge. After the claimant gets to make the decision whether he just wants this filed with the EEOC... Yes, but this is bigger than Mr. Jones. I mean, whatever precedent... Because there are other claimants that will come after Mr. Jones who will want the opportunity to just file with the EEOC. But if this court... How would Mr. Jones winning today hurt that person you're talking about? The person only wants to file with the federal agency. How does a woman from Mr. Jones hurt that person? Because if this court holds that the mere existence of a work-sharing agreement means that a charge has been dual-filed, then the next claimant who says, you know what, I only want my claim filed with the EEOC because I've heard about the Tennessee Human Rights Commission. They usually find that there's no reasonable cause to find that discrimination occurred. So I don't want them to touch it. Because if they do, and they do make that finding, under the regs, under the EEOC's regs, then the EEOC has to give that determination substantial weight. And so I don't want the Tennessee Human Rights Commission to touch that. Or they might decide, you know what, my chances of having the EEOC represent me in this case is greater if I only file with the EEOC. And the Tennessee Human Rights Commission doesn't even have a chance to look at this. I mean, there are reasons. Would you clarify in your opinion, if we went the way of Mr. Jones, that that consequence doesn't apply that it's just about the time period? It doesn't affect the deference between agency rules? Because I'm not sure it's obvious that what you're saying follows. I mean, no. I don't think that the court can have it both ways where, yes, this is considered dual file. I mean, here's another fiction upon fiction. Yes, it's considered dual file, but claiming you don't have a choice as to whether or not it's dual file. No, I do not think that the court can do that. Thank you. Any other questions? Thank you, Your Honors. I'd just like to address a couple points, of course, if you have any questions. The situation that Mr. Reed was just talking about, where a charging party comes in and affirmatively states that he does not want it to be cross-filed, that would potentially change the analysis, and that would be an unusual situation. The default on the charge and pursuant to the word sharing agreement and the regs is that as soon as one of the agencies receives the charge, it's automatically dual filed with the other in the absence of any affirmative refusal to do so by the charging party. And then I would also like to just discuss EEOC versus commercial office products. Mr. Reed is correct that in that situation in Colorado, FEPA actually looked at the charge and said, you don't want to process this charge. We're waiving our 60-day deferral period, so that is the difference. But since EEOC versus commercial office products, all these circuit court decisions that have come down that we've cited in our brief have held that the waiver is self-executing pursuant to the word sharing agreement. So it's not a situation as if each individual charge has to be presented to the state or local FEPA, and then the state or local FEPA has to say as to each charge, we don't want to process that, we're yielding to the EEOC to immediately begin processing the charge. And that's what these word sharing agreements are set up to do, is to divide up words. But he said in all those cases there was an additional notice to the state agency. That's not correct, Your Honor. There was evidence in I believe all of them that there was a dual filing. And it's true that Section 706D requires the EEOC to provide a copy of the charge to the FEPA pursuant to the word sharing agreement. And we do provide a copy of the charge and in EEOC versus commercial office products, there was a situation where the state FEPA said we don't want to necessarily relinquish our right to process that charge forever, we're just yielding to the EEOC to go first. And the court held that that constituted a termination of the state's proceedings pursuant to Section 706C so the charge could immediately be filed with the EEOC. I see I'm out of time but I'm happy to take any questions. No, thank you for your time and questions. We appreciate it. Thank you, Your Honor. Thank you so very much for your time. We appreciate it. The case will be submitted in the next case.